## NORTON *v.* TAXING DISTRICT OF BROWNSVILLE.

*(Circuit Court, W. D. Tennessee.   June, 1888.)*

1. MUNICIPAL CORPORATIONS — BONDS — AUTHORITY TO ISSUE — STATUTES—REPEAL BY CONSTITUTION.

   An act authorizing a municipality to issue bonds upon a majority vote of the qualified electors is abrogated by the new constitution of Tennessee of 1870, taking effect before the election is held and the bonds are issued, and requiring a three-fourths vote to pledge the credit of the municipality, although at the election the new requirement as to the vote be complied with in fact. So held by the former circuit judge, the district judge *dubitante.*

2. STARE DECISIS—PRACTICE IN FEDERAL CIRCUIT COURTS.

   If municipal bonds be declared invalid by the judgment of one of the judges holding the circuit court, and the case be pending on writ of error in the supreme court, in a subsequent suit involving the same bonds, tried by one of the other judges holding the court, the former judgment should be followed, notwithstanding any difference of opinion as to the validity of the bonds, until the supreme court has passed upon the questions involved by the controversy.

At Law.   On motion for new trial.

Suit upon coupons of bonds in aid of a railroad corporation, issued by the defendant in pursuance of an act of the legislature of February 8, 1870, c. 55, upon an election held June 13, 1870, under an ordi-

nance of the municipality passed May 12, 1870, the bonds reciting that they were issued in conformity with that act; the vote for the bonds being unanimous. The date of the bonds was July 1, 1870. But on the 5th day of May, 1870, the new constitution of Tennessee took effect, before the new election was ordered or held, and before the bonds were issued; and by that instrument it was declared that "the credit of no county, city, or town shall be given or loaned to or in aid of any person, company, association, or corporation, except upon an election to be first held by the qualified voters of such county, city, or town, and the assent of three-fourths of the votes cast at said election." Const. Tenn. 1870, art. 2, § 29. The late Circuit Judge Baxter, in a suit between these same parties upon other coupons of the same bonds, declared the bonds invalid, and directed judgment for the defendant, upon the ground that the new constitution abrogates the old act of the legislature entirely, and that there was no legislative authority whatever for the bonds. Before the new constitution only a majority of the votes cast was required to authorize bonds to be issued. The court directed a verdict and judgment for the defendant.

*Craft & Cooper*, for plaintiff.

*Smith & Collier* and *Bond & Rutledge*, for defendant.

HAMMOND, J., (*after stating the facts as above.*) This case, by agreement, was heard with another for convenience, and upon the agreed statement of facts filed in the record. The motion for a new trial involves only the same questions raised at the trial, and proceeds upon the ground that the court erred in directing a verdict for the defendant upon the law of the case. I do not deem it necessary to consider the merits of the controversy involved in the case at any length, for the reason that, following a former decision of this court in a suit involving the same bonds, or the coupons upon them, it seems to me that the same judgment must result here. And as that case is pending in the supreme court, to which this may be likewise taken and heard along with it, there seems to be no good cause for any further expression of opinion in this court upon these questions. But at the request of counsel on both sides it is proper to state that there was in that case no written opinion by the late Circuit Judge Baxter, who heard it sitting alone. He consulted me, however, about the questions presented, and died, pending the motion for a new trial there made, after having reached a determination to direct a verdict for the defendant, and requesting me to have that order entered, as he passed through to the Hot Springs, where his death took place before his return to Memphis. The duty of directing a verdict before another jury and of signing the bill of exceptions was devolved on me, and in this way I became familiar with the disposition of that case, and fully informed as to his opinion concerning it. It is that opinion I am endeavoring to follow and enforce in this case, notwithstanding any judgment of my own which might be reached by an independent consideration of the questions argued on this trial. Manifestly this is the wisest course, and that which proper judicial treatment

requires, under the circumstances, particularly as the self-same issues of bonds are involved in all the cases, and that which he decided is yet pending in the appellate tribunal. Diverse judgments should be avoided, if possible, under such circumstances, always.

But it is contended that this case presents a somewhat different state of facts, and demands a different judgment, and that it would be proper for the court as now constituted to proceed independently of that precedent to another judgment, if this case requires it. The only additional facts were considered by him, as I know; and while, technically, perhaps, there is that difference suggested, it was about those very facts that there was some divergence of opinion, or a tendency to that, between us upon the law of the case as then presented; and it was only because of the needlessness of these very facts that he concluded that it was not worth while to reopen the case. It will be remembered that, as tried before him, there was, owing to the absence of counsel, a verdict for the plaintiff in that case, with an agreement of counsel that the case was to be argued on motion for a new trial, and, if he came to the conclusion that the bonds were invalid, he was to direct a verdict for the defendant, which he did, but died before the entries could be made. The plaintiff's counsel then desired a new trial, to present these additional facts in the record; and, knowing that the circuit judge had considered them upon the argument as immaterial and irrelevant, I did not feel authorized to grant a new trial because of these facts; particularly as the plaintiff might have presented them originally if he had deemed them material, and thereby invoked a ruling upon that point. So, here, I follow the ruling of the circuit judge in that case, and direct a verdict in this as he would have done if it were tried before him.

Perhaps I should explain that these additional facts are that the election upon which the bonds were issued was, in point of fact, a compliance with the new constitution of the state, and that the proposition to issue the bonds received the majority required by that instrument, and not the less majority only which had been required by the authorization act of the legislature. Now, before the circuit judge, he was asked to imply that fact, and he did; or, at least, he concluded that it was wholly immaterial, since it was his opinion that the new constitution had the effect to abrogate the original authorization act *in toto,* so that the city of Brownsville no longer had any authority to issue these bonds, and that it would require a new act of the legislature conferring the authority in conformity to and upon compliance with the new conditions established by the constitution of 1870. He thought, therefore, that the fact of the election having resulted in a majority sufficiently large under the new constitution would not avail the plaintiff in the least. I suggested to him that the actual fact did not appear by that record, and should not, possibly, be implied upon the face of the bonds, from the bare fact that the election had been held subsequently to the adoption of the new constitution, as it was contended by plaintiff should be implied; that it was a fact that might be either way, and that the implications might be evenly balanced, whether the authorities proceeded on the authority of the original act to issue bonds

upon a mere majority of the votes cast at the election, or upon the theory of the new constitution not to issue them unless there was a majority of three-fourths, as required by that instrument; that, possibly, the law should be held to be that the new constitution only modified the act of authority to issue the bonds, and supplemented that legislative grant of power with a new condition, which, if complied with, would make the issue of bonds as valid as if the original act had so required, or as if any new act had incorporated that new condition; and further that I was inclined to that opinion. *Green* v. *Dyersburg*, 2 Flip. 477; *Norton* v. *Town of Dyersburg*, 127 U. S. 163, 8 Sup. Ct. Rep. 1111. *Norton* v. *Shelby County*, 118 U. S. 425, 6 Sup. Ct. Rep. 1121. The circuit judge took a different view, and asked me to set aside the verdict for the plaintiff, and to direct one for the defendant, which, owing to delays of counsel, was not done till after his death; and, knowing my inclination as above stated, the plaintiff's counsel sought on motion for a new trial before me to obtain a different result by reopening the case, and upon another trial proving the fact, now proved in this case, that there was in fact a three-fourths majority. But I thought that justice required that the parties should be held to their agreement before the circuit judge, and that, he being dead, it was more particularly important that the defendant should have the judgment he had rendered in the case, as the parties had made it before him. And, for the same reason, I have disregarded here any inclination of my own, and do not take the trouble to determine how far that inclination would lead towards a different view from that of the late circuit judge, it being my judgment that the bonds should stand as he left them, so far as this court is concerned, his judgment on the first case to be taken as the precedent for these cases. No injustice is done, as the parties by writ of error may invoke the judgment of the supreme court, and thereby settle the law of the case for each and all the bonds alike. But the parties have the right, no doubt, that this court shall declare the basis of this ruling. Motion overruled.